# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1839V
UNPUBLISHED

|  |  |
|---|---|
| JEAN ROBEY,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jason Robert Ohliger, Zimmerman & Ohliger, LLC, Milford, PA, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On December 4, 2019, Jean Robey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration following an influenza vaccine administered on October 2, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 16, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 22, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $70,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                              )
JEAN ROBEY,                                   )
                                              )
              Petitioner,                     )
                                              )          No. 19-1839V
       v.                                     )          Chief Special Master Corcoran
                                              )          ECF
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                               )
                                              )
              Respondent.                     )
_____)


**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 4, 2019, Jean Robey ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration

("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza

vaccine she received on October 2, 2018.  Petition at 1.  On June 14, 2021, the Secretary of

Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is

appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on June

16, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to

compensation.  ECF No. 36; ECF No. 37.

**I.     Items of Compensation**

Respondent proffers that petitioner should be awarded $70,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represent all elements of compensation to which petitioner is entitled under

42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[1]:  a lump sum payment of $70,000.00, in the form of a

check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Jean Robey:                                     **$70,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665
Christine.m.becer@usdoj.gov

Date:       August 22, 2021

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.